[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15432
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00142-DHB-WLB

AYANNA WIGGINS,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 29, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ayanna Wiggins appeals the district court's grant of summary judgment in favor of the Secretary of the United States Army (Army) in her employment discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16.[1]  Wiggins claims the Army's proffered legitimate reasons for terminating her—failure to complete an assigned project and failure to comply with the internal publication deadlines of the magazine for which she served as editor—were pretexts for race discrimination or retaliation.  Upon review, we affirm.

We review a district court's grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-moving party, and drawing all inferences in his favor.  *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001).  "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law."  *Id.*  The plaintiff must present more than the "mere existence of a scintilla of evidence . . . there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2512 (1986).

---

[1] In her amended complaint, Wiggins also alleged discrimination under 42 U.S.C. §§ 1981 and 1983, and a racially hostile work environment.  The district court later dismissed the §§ 1981 and 1983 claims and granted summary judgment to the Army with respect to the racially hostile work environment claim.  As Wiggins does not challenge these rulings on appeal, they are deemed abandoned.  *See Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming claims that the plaintiff failed to brief on appeal abandoned).

Title VII requires the federal government to make all personnel actions affecting employees in the military departments free of discrimination based on race. 42 U.S.C. § 2000e-16(a); 5 U.S.C. § 102. Title VII also makes it unlawful for a private employer to retaliate against an employee because she has opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). We have noted that § 2000e-16 was intended "to make Title VII applicable in the federal workplace to the same extent that it was already applicable in the non-federal workplace." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998).

Where the plaintiff presents circumstantial evidence, a court may use a three-step burden-shifting framework to analyze her case. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (applying the framework to a Title VII discrimination case); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993) (applying the framework to a Title VII retaliation case). Under that framework, if a plaintiff establishes a *prima facie* case of discrimination or retaliation, and the employer articulates a legitimate, non-discriminatory or non-retaliatory reason for its employment action, then the plaintiff must show the reason proffered by the defendant was not the true one, but was more likely a pretext for discrimination or retaliation. *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817, 1824 (1973).

A plaintiff can demonstrate pretext either directly by persuading the court that a discriminatory or retaliatory reason "more likely motivated the employer," or indirectly by showing "the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089, 1095 (1981). When considering whether the basis for an employee's termination was merely pretext, the proper inquiry is whether the decisionmaker believed the employee was guilty of misconduct and whether that belief was the reason for the employee's discharge. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

The district court did not err in granting summary judgment to the Army on Wiggins' discrimination and retaliation claims. Although Wiggins established a prima facie case of discrimination and retaliation, the Army proffered legitimate, non-discriminatory and non-retaliatory reasons for the adverse actions. Wiggins has not provided any evidence that her supervisors were motivated by anything other than her failure to complete the project and her inability to meet deadlines. It was undisputed that the project was assigned to Wiggins, and that Wiggins did not complete it. [2] Wiggins also concedes she failed to meet several deadlines. Although Wiggins feels unfairly blamed for the missed deadlines and project, our inquiry centers on the employer's beliefs, not the employee's beliefs. *Elrod*, 939

---

[2] Wiggins disputes the authenticity of an e-mail sent from her supervisor with regard to the project. Even ignoring the disputed e-mail, however, the other e-mails between Wiggins and her supervisor did not forbid Wiggins from getting the materials she needed to complete the project.

4

F.2d at 1470.  We cannot second-guess the correctness of the Army's decision to hold her accountable for this conduct.  *See Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (cautioning that a court "must be careful not to allow Title VII plaintiffs simply to litigate whether they are, in fact, good employees").

Wiggins offers evidence that her supervisor treated her differently than her co-workers as evidence of pretext.  However, the Army provided evidence that it subjectively believed Wiggins was responsible for completing assigned projects and meeting the internal publication deadlines, and Wiggins admitted to failing to complete an assigned project and to failing to meet the deadlines.  *Elrod*, 939 F.2d at 1470.  Wiggins' "scintilla" of evidence is not enough to outweigh the Army's evidence that her termination was neither discriminatory nor retaliatory.  *Liberty Lobby, Inc.*, 106 S. Ct. at 2512.

**AFFIRMED.**